SCHIFFMAN LAW OFFICE, P.C.
HELPING THE INJURED AND DISABLED SINCE 1975

Lisa Counters, 016436
4506 N 12th Street
Phoenix, AZ 85014-4246
Voice: (602) 266-2667
Fax: (602) 266-0141
Lisa@Schiffmanlaw.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patricia Williams-Peters,<br><br>                               Plaintiff,<br><br>vs.<br><br>Life Insurance Company of North America; Trustee of the Group Insurance Trust for Employers in the Wholesale Trade Industry<br><br>                               Defendants. | No.<br><br>**COMPLAINT** |

For her claim against Defendants, Patricia Williams-Peters ("Williams-Peters") alleges as follows:

**JURISDICTION AND VENUE**

1. Williams-Peters is a resident of Maricopa County, Arizona.

2. Defendant Life Insurance Company of North America ("LINA") is an insurance company with its principal place of business in Pennsylvania. LINA is authorized to do and does business in Maricopa County, Arizona.

3. Defendant Trustee of the Group Insurance Trust for Employers in the Wholesale Trade Industry is a purported ERISA benefit plan established and maintained by McKesson Corporation ("McKesson") for the benefit of its employees and provides long-term disability benefits ("LTD").

4. This Court has jurisdiction over the Plan pursuant to ERISA 29 U.S.C. § 1132, and because the Plan and LINA have caused events to occur in Arizona out of which Williams-Peters' claims arise.

5. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 2201-02 (declaratory judgments).

6. Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

7. McKesson provided certain employees with LTD benefits pursuant to the Plan.

8. McKesson is the plan administrator and a plan fiduciary as those terms are defined by ERISA sections 29 U.S.C. § 1102(a)(2) (fiduciary) and 29 USC §1002(A)(16) (administrator).

9. LINA is the Claim Administrator and is a Plan Fiduciary for the Plan as those terms are defined by ERISA.

10. The Plan's benefits are funded through the purchase of an insurance policy, held by the Trustees of the Group Insurance Trust for Employers in the Wholesale Trade Industry ("Trust").

11. On information and belief, LINA bills and accepts payment for coverage under the Policy from McKesson.

12. On information and belief, McKesson is a member and Trustee of the Trust.

13. LINA first issued Policy number LK-980041 to The Trust, including McKesson on January 1, 2006 ("Policy"). The Policy renews annually on January 1.

14. McKesson did not provide a summary plan description to Williams-Peters.

15. The Policy, referred to as the "Group Long Term Disability Insurance Policy" is the only document that constitutes the Plan's written instrument under 29 U.S.C. § 1102(a)(1).

16. LINA pays any LTD claim and also makes any determinations with respect to any McKesson employees' LTD claims.

17. Under the terms of the Policy, Williams-Peters is entitled to benefits for the first 24 months when LINA determines that, solely because of Injury of Sickness she is: unable to perform the material dutiees of her Regular Occupation; and she is unable to earn 80% or more of her Indexed Earnings from working in her Regular Occpuation.

18. After the first 24 months of disability, the Policy defines disability as: After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she qualifies for disability benefits form the Social Security Program. If the Employee does not qualify solely because of age, he or she is Disabled if they would otherwise qualify for those benefits.

19. The Policy contains discretionary language indicating that LINA grants itself discretion.

20. There is no evidence in the Policy that the Trustees of the Trust reserved discretion or has the ability to delegate discretion. Even if The Plan reserved discretion, there is no evidence that the Plan conferred discretion to LINA.

21. Without proper evidence of a grant of discretion from The Trust to LINA, this claim should be reviewed *de novo*.

## COUNT I

## RECOVERY OF INSURANCE AND PLAN BENEFITS

22. Williams-Peters incorporates and realleges all previous allegations.

23. At all relevant times, Williams-Peters was employed by McKesson, became a covered individual under the Plan and the Policy, and remained continuously employed until

her disability rendered her unable to work in her regular occupation as a Customer Service Representative on March 18, 2016.

24. Williams-Peters timely submitted a claim for LTD benefits.

25. Williams-Peters claimed disability for degenerative disc disease, lumbosacral spondylosis, and diabetic neuropathy.

26. LINA paid Williams-Peters own occupation benefits from September 14, 2016 to November 17, 2017.

27. During this time LINA concluded Williams-Peters was unable to perform her sedentary job as a Customer Service Representative.

28. Williams-Peters remains unable to perform the material and substantial duties of her occupation including the following duties:

- Working a consistent 40-hour work week, without the need for at least one or more absences a month;
- Walking or standing for more than 15 minutes at time for standing and 5 minutes at a time for walking, for a maximum of 30 minutes of standing and 15 minutes of walking per day and to go from a sitting to standing position;
- Sitting for more than 30 minutes at any time, for a maximum of 2 hours a day;
- Focusing and concentrating on complex tasks due to constant pain and the effect of pain medication.

29. Williams-Peters is unable to perform the material duties of her Regular Occupation and she is unable to earn 80% or more of her Indexed Earnings from working in her Regular Occupation.

30. Williams-Peters continued to be disabled after September 14, 2018, the date the definition of disability changed from whether Williams-Peters could perform her own occupation to whether she could perform any occupation. She is unable to perform the duties of any occupation based on her training, education or experience.

31. The Policy requires Williams-Peters to apply for and pursue Social Security Disability Benefits. LINA advised Williams-Peters of her obligation to do so on September 26, 2016.

32. The Social Security Administration ("SSA") defines disability as the "inability to perform any substantial gainful activity" which is the inability to perform significant physical or mental activities" and the inability to earn $1,220 (as of 1/1/2019) per month.

33. LINA closed Williams-Peters' claim on November 20, 2017, indicating that benefits were not payable beyond November 17, 2017.

34. Williams-Peters timely submitted her appeal on February 13, 2018.

35. LINA issued the final denial on May 7, 2018 and provided her with the option of a second level of appeal. Williams-Peters did not submit a second level of appeal as a second appeal request is not required.

36. Williams-Peters provided proof of her debilitating medical conditions. In addition, Williams-Peters provided LINA with completed attending physician statements, a functional capacity evaluation and extensive medical records that support her disability. Williams-Petersbecame disabled on March 18, 2016 and remains unable to perform the duties of her Regular Occupation and is unable to earn 80% or more of her Indexed Earnings working in her Regular Occupation through September 17, 2018.

37. Williams-Peters is unable to perform the material duties of any other occupation for which she is qualified based on education, training or experience. The Plan's any occupation definition of disability is based on whether Williams-Peters qualifies for disability benefits from the Social Security Program. Williams-Peters had a hearing before an Administrative Law Judge on April 30, 2020 and is awaiting the decision.

38. If the Court determines the discretionary language is valid, LINA's inherent conflict of interest impacted its decision in this matter and that the Court should review LINA's decision with heightened skepticism.

39. Williams-Peters has satisfied the jurisdictional prerequisites to filing a claim in federal court and has exhausted any available administrative remedies.

40. LINA's denial of Williams-Peters' LTD benefits was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence and was clearly erroneous. Evidence of LINA's conflict includes, but is not limited to:

a) Relying on the opinion of LINA's internal Associate Medical Director, Dr. Penny Chong, a non-examining physician who only reviewed Williams-Peters' records and rejected, without explanation, the opinions of examining physicians and other medical professionals.

b) Relying on the opinion of a non-examining and internal physician who routinely provides LINA with predictable opinions about a claimant's ability to perform the duties of a sedentary job.

c) Concluding that Williams-Peters was able to physically perform a sedentary occupation without considering whether she has the cognitive capacity to perform any occupation and the ability to be a reliable employee who would not miss more than one day of work per month.

d) Cherry-picking evidence that supports the denial, rather than giving equal weight to evidence that supports payment of the claim.

e) Securing opinions from Dr. Kevin Kohan during the appeal that raised new bases for denying the claim and not providing Williams-Peters to address the issues raise.

f) Equating Williams-Peters presentation as not being "in acute distress" as suggesting she was not having pain, discomfort, or other conditions.

41. Williams-Peters is entitled to 60% of her Covered Earnings in the amount of $1,472.00 per month from November 20, 2017 until she turns 65.

42. Pursuant to the coverage provided in the Plan, to ERISA 29 U.S.C. § 1132(a)(1)(B), and to applicable federal and state common law, Williams-Peters is entitled to recover all benefits due under the terms of the Plan, and to enforce her rights under the

terms of the Plan. Pursuant to 29 U.S.C. § 1132(g), Williams-Peters is entitled to recover her attorneys' fees and costs incurred herein from McKesson and the Plan.

43. Williams-Peters is entitled to prejudgment interest at the highest legal rate on the benefits to which she is entitled pursuant to A.R.S. § 20-462.

WHEREFORE, Williams-Peters prays for entry of judgment against Defendants as follows:

A. For all past benefits due Williams-Peters under the terms of the Plan;

B. For an award of Williams-Peters' attorneys' fees and costs incurred herein;

C. For an award of prejudgment interest on Williams-Peters' benefits and damages at the highest legal rate until paid; and

D. For such other and further relief as the Court deems just and reasonable.

Dated this 15th day of May 2020

SCHIFFMAN LAW OFFICE, P.C.


By: /s/ Lisa J. Counters
    Lisa J. Counters